IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT
OF TENNESSEE AT GREENEVILLE

| | |
|---|---|
| OLG, a minor, by and through her parents and next friends, BRITTANY S. GOBBLE f/k/a BRITTANY S. MONETTE and BENJAMIN T. GOBBLE; and BRITTANY S. GOBBLE f/k/a BRITTANY S. MONETTE and BENJAMIN T. GOBBLE, Individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>BRISTOL GYNECOLOGY AND OBSTETRICS, P.C.; DAVID P. RUSSELL, M.D.; and HALEY L. AKIN, M.D.,<br><br>    Defendants. | Civil Action No. _____<br><br>JURY DEMANDED |

## COMPLAINT

1. Plaintiffs, OLG, Brittany S. Gobble f/k/a Brittany S. Monette, and Benjamin T. Gobble, are citizens and residents of Bristol, VA. They reside at 1683 Island Road, Bristol, VA 24201.

2. Plaintiff OLG is a minor who was born at Bristol Regional Medical Center in Bristol, TN in 2021. Plaintiff Brittany S. Gobble f/k/a Brittany S. Monette (hereinafter "Brittany Gobble") is the mother of OLG. Plaintiff Benjamin T. Gobble (hereinafter "Benjamin Gobble") is the father of OLG. Brittany Gobble and Benjamin Gobble are husband and wife.

3. Plaintiffs Brittany Gobble and Benjamin Gobble bring this action on behalf of their minor daughter, OLG, for the injuries and damages she suffered and will continue to suffer in the future. They also bring this action, individually, for the damages that they have suffered and will continue to suffer in the future as a result of OLG's injuries.

4. Defendant, Bristol Gynecology and Obstetrics, P.C., is a Tennessee professional corporation with its principal office located in Bristol, TN. Wesley J. Harris, M.D., is the registered agent for service of process for Bristol Gynecology and Obstetrics, P.C. Defendants David P. Russell, M.D. and Haley L. Akin, M.D. are citizens and residents of the State of Tennessee.

5. There is diversity of citizenship in this case and this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000.

6. A substantial part of the events or omissions giving rise to this cause of action occurred in Sullivan County, TN. This Court is the proper venue for this case pursuant to 28 U.S.C. § 1391.

7. Each of the Defendants in this case has been given timely notice of this healthcare liability action pursuant to the provisions of T.C.A. § 29-26-121. Notice was given on January 13, 2022 which was prior to the expiration of the statute of limitations. The statute of limitations was extended by 120 days pursuant to T.C.A. § 29-26-121. This lawsuit is being filed prior to the expiration of the 120 day period.

8. In accordance with T.C.A. § 29-26-121(b), and as proof of compliance with said statute, the Affidavit of attorney John S. Bingham is attached hereto as Exhibit 1. The notice letters to the Defendants and the HIPAA compliant medical authorizations that were enclosed with the notice letters are attached to the Affidavit as part of Exhibit 1.

9. OLG's full name and her complete date of birth were included in the notice letters and HIPAA compliant medical authorizations that were mailed to the Defendants. Brittany Gobble's complete date of birth was included in the notice letters and HIPAA compliant medical authorizations that were mailed to the Defendants.

10. The copies of the notice letters and HIPAA compliant medical authorizations attached to the Affidavit of John S. Bingham have been redacted to comply with FRCP 5.2 and the Local Rules of Court. Unredacted copies are available and can be provided to the Court and to the Defendants upon request.

11. This is a meritorious claim. A Certificate of Good Faith required by T.C.A. § 29-26-122 is being filed simultaneously with this Complaint and is attached hereto as Exhibit 2.

12. In 2020, Brittany Gobble became pregnant. She received prenatal care in 2020 and 2021 from Bristol Gynecology and Obstetrics, P.C. When Brittany Gobble went to the office of Bristol Gynecology and Obstetrics, P.C. for her prenatal visits, she was usually seen by Defendant Dr. Russell.

13. During the course of her pregnancy, Brittany Gobble was diagnosed with gestational diabetes and placed on insulin.

14. Late in her pregnancy, Brittany Gobble developed preeclampsia with headaches and high blood pressure. She was hospitalized at Bristol Regional Medical Center in Bristol, TN for this condition on January 16 and January 17, 2021.

15. During her hospitalization at Bristol Regional Medical Center on January 16 and January 17, 2021, Brittany Gobble was seen, evaluated and treated by Defendant, Dr. Akin. Brittany Gobble was prescribed Fioricet for her headaches and labetalol for her high blood pressure. Prior to the administration of the blood pressure medication, Brittany Gobble's systolic blood pressure exceeded 160, both at home and at the hospital. During this hospitalization, Brittany Gobble's protein/creatinine ratio was significantly elevated. Her ultrasound showed an amniotic fluid index of 6.5.

16. During Brittany Gobble's hospitalization at Bristol Regional Medical Center on January 16 and January 17, 2021, she was placed on a fetal monitor. Fetal monitoring was discontinued on the afternoon of January 17, 2021 and Brittany Gobble was discharged from the hospital. Dr. Akin approved the discharge.

17. On the day following her discharge from Bristol Regional Medical Center (1/18/21) Brittany Gobble saw Dr. Russell at the office of Bristol Gynecology and Obstetrics, P.C. She was 80% effaced and 2 centimeters dilated. The medical records note that Brittany Gobble reported to Dr. Russell and the staff at Bristol Gynecology and Obstetrics, P.C. that her blood pressure was still elevated that morning prior to taking her blood pressure medication. Her blood pressure in the office that day was 149/88 while on labetalol. Urine protein was 3+. A non-stress test was performed.

18. On the day of OLG's birth, Brittany Gobble called Bristol Gynecology and Obstetrics, P.C. and reported that her baby was not moving and her blood pressure was 150/105, even after taking her blood pressure medication. She was told to go to the hospital.

19. When Brittany Gobble arrived at the hospital she was placed on a fetal monitor. OLG's heart rate was low and continued to decline. An emergency C-section was performed and OLG was delivered at approximately 2:43 p.m.

20. OLG was born without a heartrate and she had to be resuscitated and intubated. She suffered a severe hypoxic brain injury. She was diagnosed with hypoxic ischemic encephalopathy. She was transferred to Johnson City Medical Center's neonatal intensive care unit for a higher level of care. She remained hospitalized at Johnson City Medical Center until February 15, 2021. Radiographic imaging of her brain performed at Johnson City Medical

4

Center showed she had suffered from a global hypoxic event. OLG was unable to suck or swallow and had a gastrostomy tube placed on February 8, 2021 for tube feedings.

21. Since her discharge from Johnson City Medical Center in February 2021, OLG has seen multiple medical specialists in East Tennessee and Southwest Virginia. She has also seen multiple medical specialists at the University of Virginia in Charlottesville. She has a nurse that stays with her daily. She has regular physical therapy, occupational therapy and speech therapy. She still has a feeding tube.

22. OLG suffers from, or has suffered from, hypoxic ischemic encephalopathy, brain injury, spastic quadriplegic cerebral palsy, hearing loss, inability to properly suck and swallow, developmental delays in motor skills, language skills, comprehension and expression, irritability, seizures, hypertonia, microcephaly, poor growth, vision problems and sleep difficulties.

23. OLG is a disabled child and she requires constant care and supervision. She continues to need medical care and therapy. She will need extensive care, supervision, medical treatment and therapy for the foreseeable future, likely for many years and, probably, for her entire life.

24. It is very likely that OLG is permanently disabled and, as a result, she has suffered a loss of, or diminution of, her ability to work and earn money. OLG has suffered physical and emotional pain and will likely continue to suffer physical and emotional pain in the future. She has suffered a loss of her ability to enjoy life.

25. The medical expenses incurred for OLG's care and treatment have been extraordinary. Substantial medical expenses will continue to be incurred in the future for her care and treatment. There have also been expenses for her daily care and supervision. These expenses will likely continue. OLG and her parents have incurred, and will continue to incur,

medical and other expenses related to her injuries. Related expenses include costs associated with traveling to OLG's medical appointments and expenses for supplies and other things necessary for OLG's care. OLG and her parents, Brittany Gobble and Benjamin Gobble, are entitled to recover for past medical and related expenses, and for those medical and related expenses that are likely to be incurred in the future.

26. The Defendants, Bristol Gynecology and Obstetrics, P.C., Dr. Russell and Dr. Akin, owed a professional duty of care to Brittany Gobble and to her unborn child, OLG. Plaintiffs allege that the Defendants were negligent, breached their duty of care and deviated from the recognized standards of acceptable professional practice for obstetricians and obstetrical practices in Bristol, TN or similar communities, as such standards existed in January 2021. As a result, OLG and her parents, Brittany Gobble and Benjamin Gobble, suffered the injuries and damages described above, which would not have otherwise occurred.

27. Plaintiffs allege that Bristol Gynecology and Obstetrics, P.C., Dr. Russell and Dr. Akin were negligent because they failed to recognize and appreciate the severity of Brittany Gobble's preeclampsia.

28. Plaintiffs allege that Bristol Gynecology and Obstetrics, P.C., Dr. Russell and Dr. Akin were negligent because, after Brittany Gobble developed preeclampsia, they failed to properly manage her preeclampsia and they failed to properly monitor Brittany Gobble and her unborn child, OLG.

29. Dr. Akin discharged, and/or approved the discharge of, Brittany Gobble from Bristol Regional Medical Center on January 17, 2021. Plaintiffs allege that Bristol Gynecology and Obstetrics, P.C. and Dr. Akin were negligent because Brittany Gobble should have been kept in the hospital.

30. Brittany Gobble had an office visit with Bristol Gynecology and Obstetrics, P.C. on January 18, 2021. Dr. Russell saw Brittany Gobble in the office on that day. Plaintiffs allege that Bristol Gynecology and Obstetrics, P.C. and Dr. Russell were negligent because Brittany Gobble was not sent to the hospital on that day.

31. The negligence of the Defendants as described above was the legal cause of OLG's injuries and the Plaintiffs' damages described hereinabove in paragraphs 20 through 25.

32. Plaintiffs allege that if the Defendants had kept Brittany Gobble in the hospital instead of discharging her on January 17, 2021, or if they had sent her back to the hospital on January 18, 2021, that she and her unborn child, OLG, would have been carefully monitored. If Brittany Gobble had been hospitalized and carefully monitored, OLG's distress would very likely have been detected much sooner, she would have been delivered sooner, and she would not have suffered a catastrophic hypoxic brain injury and all of the other injuries and damages described above.

33. Plaintiffs allege that Dr. Russell, Dr. Akin and the other providers who saw and treated Brittany Gobble at Bristol Gynecology and Obstetrics, P.C., were agents or employees of Bristol Gynecology and Obstetrics, P.C. and were acting within the course and scope of their agency or employment at the time they rendered medical care to Brittany Gobble and her unborn child, OLG, in January 2021. Plaintiffs allege that Bristol Gynecology and Obstetrics, P.C. is vicariously liable for the negligence of Dr. Russell and Dr. Akin and for any negligence of its other employees who were acting in the course and scope of their employment.

WHEREFORE, OLG requests judgement against the Defendants for economic and non-economic damages in the amount of $15,000,000.00, or such other amount that may be shown by

the proof. Plaintiffs, Brittany Gobble and Benjamin Gobble, request judgement against the Defendants for their economic and noneconomic damages in the amount of $7,500,000.00, or such other amount that may be shown by the proof. Plaintiffs request their costs, including discretionary costs. Plaintiffs request a jury.

    RESPECTFULLY SUBMITTED,

OLG, by and through her parents and next friends, BRITTANY S. GOBBLE f/k/a BRITTANY S. MONETTE and BENJAMIN T. GOBBLE; and BRITTANY S. GOBBLE f/k/a BRITTANY S. MONETTE and BENJAMIN T. GOBBLE, Individually

BY: s/John S. Bingham, Esq. (BPR #6263)
HAWKINS BINGHAM & MILLER, P.C.
1397 East Center Street
Kingsport, TN 37664
(423) 246-9100 - Telephone
(423) 246-9282 – Facsimile
Email: hmbm@embarqmail.com

BY: s/Michael Large, Esq. (BPR #013582)
LARGE & ASSOCIATES
529 Alabama Street
Bristol, Tennessee 37620
(423) 968-4969 - Telephone
(423) 968-4677 – Facsimile
Email: michael@largelaw.com

BY: s/Olen Haynes, Jr., Esq. (BPR #19420)
P.O. Box 1879
Johnson City, TN 37605
(423) 928-0165 - Telephone
(423) 928-2484 - Facsimile
Email: oghjr@hayneslawyers.com

*(Attorneys for Plaintiffs)*